**David MORRIS, Plaintiff,**

v.

**Michael DEMARZO, et al., Defendants.**

**No. 98 Civ. 7353 (KMW)(RLE).**

United States District Court,
S.D. New York.

May 8, 2000.

David Morris, East Elmhurst, NY, pro se.

Richard A. Levin, Proskauer, Rose, Goetz & Mendelsohn, New York City, for United Parcel Service.

Peter D. DeChiara, Cohen, Weiss and Simon, Richard N. Gilberg, Meyer, Suozzi, English & Klein, P.C., New York City, for Local 804, International Brotherhood of Teamsters, AFL–CIO.

**MEMORANDUM OPINION & ORDER**

ELLIS, United States Magistrate Judge.

This wrongful discharge case was removed from the New York State Supreme Court to this Court in October 1998. The plaintiff, David Morris ("Morris"), was terminated by defendant United Parcel Service ("U.P.S.") for allegedly spitting on a manager. Morris' union, defendant Local 804, International Brotherhood of Teamsters, AFL–CIO (the "Union"), unsuccessfully challenged the termination in grievance and arbitration proceedings. Morris alleges that the Union breached its duty of fair representation and seeks to vacate the arbitration decision pursuant to the Labor Management Relations Act, 29 U.S.C. § 185, and the Federal Arbitration Act, 9 U.S.C. § 11. Pending before the Court is Morris' motion to file a proposed Third Amended Complaint, dated April 24, 2000. Plaintiff's motion is **GRANTED** for the reasons set forth below.

█ A motion to amend is governed by Rule 15(a) of the Federal Rules of Civil Procedure, which states that "leave to amend shall be freely given when justice so requires." Fed.R.Civ.P. 15(a); *see Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir.1990). Notwithstanding the liberality of the general rule, "[w]hether to allow amendment is a decision that rests in the discretion of the district court," and for the proper reasons, a court may deny permission to amend, in whole or in part. *H.L. Hayden Co. of New York v. Siemens Medical Systems, Inc.*, 112 F.R.D. 417, 419 (S.D.N.Y.1986) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330–32, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971)). In discussing the proper use of this discretion, the Supreme Court has stated:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rule requires, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

**480**

 Morris' proposed Third Amended Complaint is essentially identical to his First Amended Complaint, the last complaint filed with the Court,[1] but for three minor changes: (1) he seeks a trial by jury; (2) he seeks to add reinstatement as a remedy; (3) he seeks additional attorneys fees. During a pretrial conference on May 1, 2000, defendants asserted that Morris has no right to a trial by jury, and therefore the amendment would be futile. However, this is far from clear. Employees seeking back pay for a union's alleged breach of its duty of fair representation have a right to trial by jury. *See Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry,* 494 U.S. 558, 110 S.Ct. 1339, 108 L.Ed.2d 519 (1990). The plaintiffs in *Chauffeurs,* unlike Morris, were seeking only compensatory damages, not also reinstatement and the vacation of an arbitration award, remedies which are traditionally equitable in nature. *See Id.* at 566, 110 S.Ct. 1339. Nor were they suing pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1–16. Whether these distinctions render *Chauffeurs* inapplicable to the instant case is a question that has not been addressed by the Second Circuit, and at least one district court decision supports the conclusion that Morris would have a right to a jury trial despite the fact that he is seeking both equitable and legal relief. *See Barr v. United Parcel Service,* 1986 WL 31682 (E.D.N.Y. Jan. 30, 1986). Because Morris' proposed amendment seeking a trial by jury does not appear to be futile at this juncture, he should be permitted to amend his complaint accordingly.

Further, there is no evidence that Morris has been dilatory in seeking to amend. While he ultimately chose not to file his proposed Second Amended Complaint approved by Judge Wood, he filed a proposed Third Amended Complaint promptly thereafter. Nor is there any evidence that the proposed amendments would unduly prejudice defendants. Because the claims and parties are identical to those contained in Morris' First Amended Complaint, defendants will not be required to expend significant additional resources, nor should the proposed amendments delay the proceedings.

For the foregoing reasons, Morris' motion for leave to file the proposed Third Amended Complaint is **GRANTED.**

---

1. Judge Wood granted Morris leave of court to file a proposed Second Amended Complaint on March 2, 2000, but he decided not to file it, and instead proposes the instant Third Amended Complaint.